UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NTD ARCHITECTS, a California corporation,<br><br>            Plaintiff,<br><br>   vs.<br><br>JON BAKER, an individual,<br>RICHARD NOWICKI, an individual,<br>BAKER NOWICKI DESIGN STUDIO, LLP,<br>a business entity of unknown form,<br>and DOES 1 through 100, inclusive,<br><br>            Defendants. | Civil No. 12cv0020 AJB (JMA)<br><br>ORDER DENYING MOTION TO REMAND<br><br>[Doc. No. 6] |

NTD Architects ("Plaintiff"), filed a motion, [Doc. No. 6], seeking to remand this case to state court pursuant to 28 U.S.C. § 1447(c). The Plaintiff asserts that the case should be remanded because: (1) the state court action does not raise any federal questions or issues; (2) a co-pending federal case does not provide supplemental jurisdiction, even if based on the same facts; and (3) Defendants' removal was untimely. Defendants filed an opposition, [Doc. No. 8], and Plaintiff filed a reply, Doc. No. 9. Based upon the parties moving papers, Plaintiff's motion to remand, [Doc. No. 6], is hereby DENIED for the reasons set forth below.

///

///

///

### *Background*

*I.     Factual Background*

The instant case arises from the departure of Defendants JON BAKER ("Baker")[1] and RICHARD NOWICKI ("Nowicki")[2] from NTD, after lengthy terms of employment. In or about May of 2011, Defendants Baker and Nowicki started BAKER NOWICKI DESIGN STUDIO, LLP ("BNDS") a competing architectural firm providing the same type of design work for large commercial projects such as public schools that Defendants Baker and Nowicki did while at NTD. (*See* State Court Complaint, Docket No. 1-4, on file herein (the "State Court Complaint"), ¶¶8-18).

The Plaintiff contends that in the process of leaving NTD, the Defendants physically stole property from NTD.  The Plaintiff argues that it is undisputed that the Defendants are in possession of, and have refused to return, NTD's property, including but not limited to computer files, photographs, images, renderings, drawings, marketing plans, project tracking forms, funding calculation forms, BIM models, meeting minutes, external hard drives, and a laptop computer, all belonging to the Plaintiff. Case No. 12cv00020, Doc. No. 1-1, at 278.  The Plaintiff also alleges that the Defendants stole trade secret material, a computer, and various files and documents. (*See* Doc. No. 1-4, at ¶¶8-18 ).  Plaintiff, by way of the State Court Complaint, contends that its seeks the return of physical items, damages for loss of possession, and to prevent Defendants from using the trade secret materials to their advantage.

*II.    Procedural Background*

The Plaintiff filed a complaint in San Diego Superior Court (Case No. 37-2011-00095778-CU-BC-CTL) (hereinafter, "the State Action") against the Defendants on August 4, 2011, alleging causes of action for (1) Misappropriation of Trade Secrets; (2) Conversion; (3) Breach of Fiduciary Duty; (4) Breach of Employment Contract against Nowicki; (5) Breach of Employment Contract Against Baker; (6) Breach of Trust; (7) Intentional Interference with Prospective Economic Advantage; and (8)

---

[1] Baker has been an architect in California since 1983.  From June 1983 until February 14, 2011, Baker worked as a architect with NTD for nearly twenty-eight (28) years.  Baker was a share holder of NTD.

[2] Norwicki worked at NTD for fourteen (14) years and was a partner until he resigned on March 21, 2011.

Unfair Competition. (*See* Doc. No. 1-4). The Defendants filed an answer on October 12, 2011. (*See* Doc. No. 1-5).

Based upon the same underlying facts, the Plaintiff filed a copyright infringement action (Case No. 11cv2836 AJB(JMA)) (hereinafter, "the Federal Action") in this Court on December 6, 2011, asserting the following two causes of action: (1) copyright infringement; and (2) false advertising under 15 U.S.C. §1125.

On January 4, 2012, the Defendants filed the notice of removal in the State Action. The Defendants argue that: (1) the claims do not give rise to a novel or complex issue of state law; (2) the state claims do not substantially predominate over the claim or claims over which the District Court has original jurisdiction; (3) the District Court has not dismissed any claims over which it has original jurisdiction; and (4) there are no compelling reasons for declining jurisdiction. On February 3, 2012, The Plaintiff filed the instant motion to remand.

## *Discussion*

The Plaintiff asserts two main grounds for remand: (1) the Defendants' motion to remove was untimely and (2) the claims in the State Action are not preempted by the Copyright Act.

### *I. Defendants' Removal was Timely because Defendants Filed Motion Within 30 Days of Receiving "Other Paper"*

The court first turns to whether the Defendant's removal was timely, for if it was not, the discussion will end and remand can be granted. 28 U.S.C. Section 1446(b) prescribes the time limits for removing an action. With respect to removals of actions where the initial pleading does not render the case removable, Section 1446(b)(3) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The Plaintiff argues the Defendants did not file the motion to remove within 30 days of receiving the State Action Complaint and thus the motion to remove should have been barred. The Defendant responds that the 30-day period did not begin until the Defendants were put on notice of a possible federal action under the Copyright Act. The Defendants argue this notice did not occur until the

3                                                                                                         12cv0020

Plaintiffs filed the Federal Action (Doc. No. 8 of the Federal Action). The question to the court is whether the time began when the State Action Complaint was filed, or when the Federal Action containing the Copyright Claims were filed in this Court.

The Ninth Circuit has not determined whether paperwork filed in one case as proof of Copyright constitute "other paper" in relation to Section 1446. Many circuits allow removal during the 30 days after the filing of papers that give notice to a Defendant of a possible preemption under the Labor Management Relations Act (LMRA) or the Employee Retirement Income Security Act (ERISA).[3] In these cases the courts found that the filing of papers, such as depositions, were the first possibility for the Defendants to ascertain that the case could be removed. *See id.* This construction of "other paper" is consistent with the policy underlying Section 1446(b) that a defendant who seeks to take advantage of the limited jurisdiction of the federal court do so as soon as he receives notice of possible removal. *Haber v. Chrysler Corp.*, 958 F. Supp. 321 (E.D. Mich, 1997).

The removal in this case relies on a similar preemption due to the Copyright Act. The Copyright claims (Doc. No. 8 of Federal Action) filed in the Federal Action was the first time the Defendants could ascertain that the State Action was removable. The Defendants filed the Motion to Remove within the 30 day period following the filing of the copyright claims in this Court and thus the court finds the Defendant's motion to remove was timely filed.

***II. Basis for Original Jurisdiction and Legal Standard for Complete Preemption***

A state civil action is generally removable to federal court only if it might have been brought originally in federal court. *See* 28 U.S.C. § 1441. This "original jurisdiction" may be based either on diversity of the parties, or on the presence of a federal question in the state court complaint. On removal, the removing defendant bears the burden of proving the existence of jurisdictional facts. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is also a " 'strong presumption' " against removal jurisdiction. *Id.* Because courts must "strictly construe the removal statute against removal jurisdiction," "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

---

[3] *Haber v. Chrysler Corp*, 958 F. Supp. 321 (E.D. Mich. 1997), *Oseekey v. Spaulding Fibre Co., Inc.*, 655 F. Supp. 1119 (W.D. N.Y. 1987).

Federal question jurisdiction is governed by the "well-pleaded complaint rule." This provides that subject matter jurisdiction is proper only when a federal question appears on the face of a proper complaint. *See, e.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). As a result, a plaintiff, as master of the complaint, "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Further, a defendant cannot remove solely "on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue" in the case. *Id.* at 393. Thus, the federal question must appear on the face of the complaint, as alleged and controlled by the plaintiff.

The existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims.[4] A plaintiff may defeat an anticipated removal by choosing not to plead independent federal claims. *See ARCO*, 213 F.3d at 1114. However, "under the artful pleading rule 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.' " *ARCO*, 213 F.3d at 1114 (quoting *Franchise Tax Bd.*, 463 U.S. at 22). In *ARCO*, the Ninth Circuit identified three situations in which a "state-created cause of action can be deemed to arise under federal law," which are: (1) where federal law completely preempts state law, as under the LMRA or ERISA;[5] (2) where the claim is necessarily federal in character, such as a challenge to the collection of taxes;[6] or (3) where the right to relief depends on resolution of substantial, disputed federal questions.[7]

"There does exist, however, a corollary to the well-pleaded complaint rule, known as the 'complete preemption' doctrine. The Supreme Court has concluded that the preemptive force of some statutes is so strong that they 'completely preempt' an area of state law. In such cases, any claim

---

[4] *ARCO Environmental Remediation, L.L.C. v. Dept. of Health & Environmental Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 478, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998); *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1, 14, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

[5] *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987).

[6] *See Brennan v. Southwest Airlines Company*, 134 F.3d 1405, 1409 (9th Cir. 1998).

[7] *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)); *ARCO*, 213 F.3d at 1114.

purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)). In these cases, even a well-pleaded state law complaint may be properly removed to federal court.

There are only a "handful" of those "'extraordinary' situations" in which complete preemption provides an adequate basis for removal of a state complaint. In the "many years" of the complete preemption doctrine, the Supreme Court has identified only two[8] federal acts whose preemptive force is so "extraordinary" as to warrant removal of any "well-pleaded" state law claim: (1) the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a);[9] and (2) the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.[10]

The Supreme Court's extension of the complete preemption doctrine, originally formulated for the LMRA, to state law claims to which ERISA applies, was "reluctant." *Metropolitan Life Ins. Co.*, 481 U.S. at 65, 107 S.Ct. 1542. "Complete preemption is rare." *ARCO*, 213 F.3d at 1114. Moreover, "[u]nlike complete preemption, preemption that stems from a conflict between federal and state law is a defense to a state law cause of action and, therefore, does not confer federal jurisdiction over the case." *Id.* (citing *Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir. 1998)) ("[I]f a . . . state law claim . . . is preempted by § 1144(a) of ERISA, a defense sometimes called 'conflict preemption,' as long as [it] is not capable of characterization as an ERISA claim, removal is improper. The mere fact that ERISA preemption under § 1144(a) . . . is . . . a defense, does not confer jurisdiction or authorize removal.").

To acquire the kind of "extraordinary" preemptive force that is required under the complete preemption doctrine, it appears that the federal statute at issue must meet three criteria: (1) it must

---

[8] A possible third basis for "complete preemption" was referenced in *Caterpillar* as having been noted in *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 94 S.Ct. 772, 39 L. Ed. 2d 73 (1974). *See Caterpillar*, 482 U.S. at 394 n. 8, 107 S. Ct. 2425 (a "state law complaint that alleges a present right to possession of Indian tribal lands necessarily asserts a present right to possession under federal law and is thus completely preempted . . .").

[9] *See Caterpillar*, 482 U.S. at 392.

[10] *See Metropolitan Life Ins. Co.*, 481 U.S. at 65); *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) (citation omitted).

contain a jurisdictional provision similar to Section 301 of the LMRA; (2) it must indicate that "Congress has clearly manifested an intent to make causes of action within the scope . . . [of that statute] removable to federal court"; and (3) state law claims must fall within the scope of the civil enforcement statute.[11]

In evaluating whether the preemption provision of the Copyright Act qualifies as a unique preemptive statue, the decision by the U.S. Court of Appeals for the Fourth Circuit in *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225 (4th Cir. 1993), is particularly instructive. In *Rosciszewski*, as here, the plaintiff had filed a complaint in state court alleging violations of state law, and the defendant had removed the action to federal court. *See Rosciszewski*, 1 F.3d at 228. The plaintiff then moved to remand the action to state court, arguing the federal district court lacked subject matter jurisdiction, and the defendant moved to dismiss certain causes of action as preempted by the Copyright Act. *See id.*

In deciding whether the complete preemption doctrine applied, the Rosciszewski court focused on Congress's intent in enacting the Copyright Act, noting that the Supreme Court cases involving complete preemption had viewed the legislative history of the respective statutes as a critical element of the preemption analysis. *See id.* at 231. In the Fourth Circuit's view, two statutory provisions demonstrated Congress's intent to completely preempt state copy-right law: the Act's preemption provision, 17 U.S.C. section 301(a), and the jurisdictional statute relating to copyright actions, 28 U.S.C. section 1338(a).

First, the preemption provision of the Act, 17 U.S.C. section 301(a), is very broad:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the com-mon law or statutes of any State.

---

[11] *See Boyle v. MTV Networks, Inc.*, 766 F. Supp. 809, 815 (N.D. Cal. 1991) (citing *Metropolitan Life Ins. Co.*, 481 U.S. at 65, 107 S. Ct. 1542; *Caterpillar*, 482 U.S. at 394, 107 S. Ct. 2425); *see also Robinson v. Michigan Consolidated Gas Co. Inc.*, 918 F.2d 579, 585 (6th Cir. 1990) ("[C]omplete preemption . . . is extremely limited, existing only where a claim is preempted by [the LMRA]; where a state law complaint alleges a present right to possession of Indian tribal lands; and where state tort or contract claims are preempted by [the enforcement power of ERISA].") (internal citations omitted).

17 U.S.C. § 301(a). While the language of section 301 is quite clear, Congress also reinforced its desire to sweep broadly in a report accompanying the legislation: "The declaration . . . in section 301 is intended to be stated in the clearest and most unequivocal language possible, so as to foreclose any conceivable misinterpretation of its unqualified intention that Congress shall act preemptively, and to avoid the development of any vague borderline areas between State and Federal protection." H.R. Rep. No. 1476, 94th Cong., 2d Sess. 130 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5746 (quoted in *Rosciszewski*, 1 F.3d at 232). "Thus, Congress has clearly indicated that state-law claims which come within the subject matter of copyright law and which protect rights equivalent to any of the exclusive rights within the scope of federal copyright law . . . should be litigated only as federal copyright claims." *Rosciszewski*, 1 F.3d at 232.

Second, Congress vested federal district courts with exclusive jurisdiction over copyright actions. *See* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights . . . Such jurisdiction shall be exclusive of the courts of the states in . . . copyright cases."). By contrast, in actions under ERISA and LMRA, Congress only conferred concurrent jurisdiction. *See Rosciszewski*, 1 F.3d at 232. "[W]e view the grant of exclusive original jurisdiction over copyright claims to the district courts as strong evidence that Congress intended copyright litigation to take place in federal courts." *Id.* "[C]ombined with the preemptive force of section 301(a)," the Fourth Circuit concluded, the grant of exclusive jurisdiction to the federal district courts "compels the conclusion that Congress intended that state-law actions preempted by § 301(a) of the Copyright Act arise under federal law." *Id.* As a result, "the preemptive force of § 301(a) of the Copyright Act transforms a state-law complaint asserting claims that are preempted by § 301(a) into a complaint stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 232-33.

Numerous district courts in California and else-where have concurred with the Rosciszewski analysis. *See, e.g.*, *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 821 (C.D. Cal. 1997) ("Complete preemption has been found for claims brought under the Copyright Act."); *Dielsi v. Falk*, 916 F. Supp. 985, 993 (C.D. Cal. 1996) ( "Although there is no Ninth Circuit authority on point, a common law claim preempted by federal copyright law is clearly completely preempted under these

principles.") (emphasis in original); *Wharton v. Columbia Pictures Indus., Inc.*, 907 F. Supp. 144, 146 (D. Md. 1995) (following *Rosciszewski* ); *Patrick v. Francis*, 887 F. Supp. 481, 485 (W.D. N.Y. 1995).

Thus, this Court finds the reasoning in the Fourth Circuit to be persuasive and concludes that the Copyright Act completely preempts state-law claims within the scope of section 301. Accordingly, if any of the Plaintiff's claims are preempted under the Copyright Act, those preempted claims must be viewed as involving federal questions for the purpose of the well-pleaded complaint rule.

***III. The Copyright Act Completely Preempts Plaintiff's State Claim***

As a preliminary matter, the Court notes that there are no copyright claims pled on the face of the Plaintiff's State Action complaint and as such, the Defendants' preemption argument is defensive. Because defensive preemption cannot confer jurisdiction, the Defendants must demonstrate that the Copyright Act completely preempts the state law causes of action in order to show that removal was proper. Neither the Supreme Court nor the Ninth Circuit has decided whether the Copyright Act completely preempts related state law claims,[12] however, three circuits to have considered the issue, specifically, the Second, Fourth, and Sixth Circuits, have found complete preemption of at least some state law claims.[13] The Court finds the reasoning of such cases to be persuasive.

The Copyright Act explicitly makes the preemption analysis a two-step inquiry. The first question is whether the work at issue comes within the subject matter of copyright.[14] If the works at issue are within the subject matter of copyright, courts are to undertake a second step in the preemption analysis, asking whether the rights granted under state law are "equivalent to any of the exclusive rights within the general scope of copyright." *Del Madera*, 820 F.2d at 976; *see also Selby*, 96 F.Supp.2d at 1057. The fact that copyright preemption analysis requires a claim-by-claim inquiry,[15] indicates that the Copyright Act's complete preemptive force is somewhat narrow. Unlike the context of the Labor Management Relations Act ("LMRA"), where nearly all claims that merely require interpretation of

---

[12] *See Lattie v. Murdach*, 42 U.S.P.Q.2d 1240, 1243, 1997 WL 33803 (N.D. Cal. 1997).

[13] *See Ritchie v. Williams*, 395 F.3d 283, 286–87 (6th Cir. 2005); *Briarpatch Limited*, 373 F.3d at 304; *Rosciszewski,* 1 F.3d at 230.

[14] *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987), *overruled on other grounds* (citing 17 U.S.C. § 301); *see also Selby,* 96 F.Supp.2d at 1057.

[15] *See Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1189-98 (C.D. Cal. 2001).

collective bargaining agreements are preempted,[16] state law claims are not preempted simply because they fall within the subject matter of copyright. The Copyright Act only has complete preemptive force if the rights asserted in the state law claims are rights that could have been asserted under the Copyright Act. Accordingly, the Court now turns to the question of whether Plaintiff's state law claims are completely preempted and, concomitantly, whether removal was proper.

### *A. Materials Plead Fall Within the Subject Matter of Copyright*

The Plaintiff argues the materials that are the subject in the State Action do not fall under the materials of section 102 and 103 of the Copyright Act[17] and are different from the materials of the Federal action based on two primary distinctions. The Plaintiff argues: (1) that the trade secrets of the State Action are not the same as the Copyright works of the Federal Action; and (2) the State Action only relates to the physical objects.

The Plaintiff argues that the materials that are the subject of the State Action are tangible, physical property and trade secrets. The Plaintiff uses the term "trade secret" in the State Action Compliant as well as the Motion to Remand and Reply. The Plaintiff argues that the title "trade secret" gives the materials an extra element of secrecy and these materials are not the same as the Copyrighted works at issue in the Federal Action.

The Defendant argues that the materials are the same in both the State Action and the Federal Action. The Defendants rely on the use of the Copyrighted works papers (Doc. No. 8 of the Federal Action) filed with the court in the Federal Action to first ascertain the similarity of the materials of the two claims. The Defendant also uses wording used by the Plaintiff's counsel during the Temporary Restraining Order Hearing in the Federal Action. During the hearing, Plaintiff's council made comments about the overlap between the material classified in the State Action as trade secret and material classified as Copyrighted works in the Federal Action. (Doc. No. 8). The materials alleged in the State Action Complaint and the Federal Action Complaint look to be identical, with the only change being the name by which the Plaintiff refers to the specific work.

---

[16] *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000).

[17] Section 102 include materials such as "literary works... pictoral, graphic and sculptural works... architectural works." 17 U.S.C. §102. Section 103 includes compilations and derivitive works. *See* 17 U.S.C. §103.

In the Reply, the Plaintiff lists the physical objects and specific trade secrets as the materials that are the subject of the State Action. The Defendants argue that the material in the State Action is not simply the physical objects, such as the computer and client files, but instead are directly related to the Copyrighted materials in the Federal Claim. The Plaintiff admits in the Reply to Response to Motion to Remand that the physical property contains copyrighted material, but argues that the State Action is not about this copyrighted material but just the physical property. (Doc. No. 6.) The physical objects include the totality of both the State and Federal Claim. The State Action may allege more physical objects but within the physical objects are both the trade secrets and Copyright materials.

The court does not find a difference between the material alleged in the State Action and the material alleged in the Federal Action. The court finds that this material falls under the general material in Section 102 and 103 of the Copyright Act.

### *B. Some of Plaintiff's Claims are Equivalent to the Rights Asserted in the Copyright Act*

Having established that the work involved falls within the general subject matter of the Copyright Act as specified by Sections 102 and 103, the Defendants must also show that the rights that the Plaintiff asserts under state law are equivalent to those protected by the Act in Section 106 in works of authorship that are fixed in a tangible medium of expression.[18] In order to ascertain whether a specific state cause of action involves a right equivalent to one of those identified in Section 106, reference must be made to each cause of action in the State Claim. Most circuits have referred to an "extra element" test to determine if the claim asserts the same rights as those protected by the Copyright Act. If the claim contains an extra element, instead of or in addition to the acts of Section 301,[19] than the claim is not preempted by the Copyright Act.[20]

---

[18] Section 106 establishes the exclusive rights vested in the owner of a copyrighted work, including the exclusive rights to re-produce the work, prepare derivative works, distribute copies of the work to the public, and to perform or display the work publicly. *See* 17 U.S.C. § 106.

[19] Section 301 concerns reproduction, performance, distribution or display. *See* 17 U.S.C. § 301.

[20] "If an 'extra element' is 'required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, . . . there is no preemption.'" *Rosciszewski*, 1 F.3d at 230 (citations omitted); *see also Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992) (quoting 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* §1.01[B], at 1-14 to 1-15 (1992)).

### *1. Plaintiff's Second Claim Asserts Equivalent Rights as the Copyright Act*

Claim 2 of the State Action is a claim for conversion preempted by the Copyright Act. To state a claim for conversion under California law, a plaintiff must establish: (1) the plaintiff's ownership or right to possession of a certain piece of property; (2) the defendant's conversion of the property by a wrongful act or disposition of property rights; and (3) damages. *See Firoozye v. Earthlink Network,* 153 F.Supp.2d 1115, 1129 (2001). To some degree, a claim for conversion has an extra element beyond the Copyright Act, since the plaintiff is required to prove that the defendant wrongfully obtained possession over the specific piece of property. *See G.S. Rasmussen & Assocs. Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir. 1992). The Plaintiff in the instant action is not just requesting the return of the tangible objects, but also alleges misuse of the materials that are contained within those objects. The materials alleged in the State and Federal actions are the same, and thus the conversion of those objects fall within the rights alleged in the Copyright Act. The court finds truth in the argument made by the Defendant that were the Plaintiff merely bringing the action for the return of the tangible computer, the Plaintiff would have had the computer long ago. The action for conversion does not rest merely on the tangible object, but the information within the object as well, may it be trade secret material or Copyrighted works. The preemption of just one claim is sufficient to warrant removal.

### *2. Plaintiff's First, Third, Fourth, Fifth, Sixth, Seventh and Eighth Claims Assert and "Extra Element" and Do Not Assert Equivalent Rights as the Copyright Act*

Claims 1 and 3-8 of the State Claim are not preempted by the Copyright Act. They all include an extra element which makes the rights asserted unequal to the rights that would be asserted under the Copyright Act. An example of this extra element is Claim 4 and 5, the Claim by the Plaintiff of Breach of Employment Contract of Nowicki and Baker. A majority of courts have found that breach of contract claims are not preempted because the rights asserted in those claims were not equivalent to rights that could have been asserted in copyright. *See Selby*, 96 F.Supp.2d at 1059 (citing *Lennon v. Seaman*, 63 F.Supp.2d 428, 437 (S.D. N.Y. 1999)). The extra element of breach of contract make Claims 4 and 5 not preempted by the Copyright Act because there is no action under the Copyright Act for breach of employment contracts.

*Conclusion*

For the reasons set forth above, the Court finds that claim 2 of the Complaint is preempted by the Copyright Act. As such, the Plaintiff's motion to remand, [Doc. No. 6], is hereby DENIED.

IT IS SO ORDERED.

DATED: June 27, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge